FILED
2006 Apr-18  AM 10:18
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| SYLACAUGA HEALTH ) | |
| CARE AUTHORITY, INC. ) | |
| doing business as Coosa Valley ) | |
| Medical Center, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO.: 1:06-CV-510-VEH |
| ) | |
| REGINALD F. BAUGH, M.D., ) | |
| and COOSA VALLEY EAR, ) | |
| NOSE & THROAT, P.C., ) | |
| ) | |
|     Defendants. ) | |

## MEMORANDUM OPINION

This matter comes before the court on Plaintiff's (hereinafter "Authority") Motion to Remand and for Costs (doc. 6). The motion is opposed, and the parties have briefed the issue extensively.[1] For the reasons articulated herein, the Motion to Remand is **GRANTED**. The Motion for Just Costs is **DENIED**.

## Procedural History

The Authority filed this action on January 17, 2006, in the Circuit Court of Talladega County, Alabama. The Complaint asserts claims for breach of contract

---

[1] The moving party requested oral argument on this motion; however, after reviewing the parties' papers, the court concludes that oral arguments are not necessary to dispose of the instant motion.

against Defendants, Coosa Valley Ear, Nose, and Throat, P.C. (hereinafter "Coosa Valley"), and Reginald F. Baugh, M.D.  Coosa Valley, an Alabama corporation, and Baugh, a Texas resident, removed this action to the United States District Court for the Northern District of Alabama on March 15, 2006, arguing that Coosa Valley was fraudulently joined in this action for the purpose of defeating complete diversity.  The Authority filed the instant motion to remand, and the sole question before this court is whether Coosa Valley has been fraudulently joined in this case.

### Undisputed Facts[2]

On April 5, 2004, the Authority and Defendants Baugh and Coosa Valley entered into a Physician Recruitment Agreement (hereinafter "PRA").[3]  The following day, the parties executed a Security Agreement.  These documents are related to the recruitment and relocation of Dr. Baugh to Sylacauga, Alabama, to practice his

---

[2]Plaintiff and Defendants each allege that the other has made false representations in their papers. Plaintiff argues that a statement found in Dr. Baugh's affidavit that his wife, as president of Coosa Valley, never executed "any promissory note, real estate lease, or security agreement with the Plaintiff," is false in light of her signature appearing on the Security Agreement between Coosa Valley and the Authority. Defendants now concede that Mrs. Baugh signed a Security Agreement on behalf of Coosa Valley. [Def. Response to Mot. To Remand at ¶ 2].  Defendants claim that the Authority has made numerous representations that have proven to be false in that: (1) the Complaint alleges that Dr. Baugh and Coosa Valley executed a promissory note with the Authority but no such promissory note has been produced; and (2) the Complaint alleges that Dr. Baugh and Coosa Valley entered into a lease with the Authority, however, only Dr. Baugh signed the lease in question. Defendants assert, and the court agrees, that a focus solely on the PRA and on the Security Agreement is sufficient to determine the propriety of removal in this case; therefore, none of the alleged misrepresentations have any consequence on the court's consideration of the instant motion and will not be discussed herein.

[3]Baugh is designated as "physician" and Coosa Valley is designated as "group" in both the PRA and Security Agreement.

specialty of otolaryngology medicine in that community for a period of time to begin on or about April 5, 2004.  Under the PRA, Dr. Baugh was advanced a "Maximum Guarantee Loan Amount" that was to be fully forgiven should Dr. Baugh continue to practice otolaryngology medicine in or around Sylacauga, Alabama, until April 5, 2008.

Baugh stopped practicing medicine in Sylacauga on or about August 1, 2005, and relocated to Texas.  Coosa Valley abandoned its place of business and ceased all business operations on or about that time; however, it is still recognized as an Alabama corporation by the Secretary of State.

## Discussion

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).  Under Eleventh Circuit precedent, joinder is fraudulent in three situations: (1) when there is no possibility that the plaintiff can prove a cause of action against the resident; (2) when there is outright fraud in the plaintiff's pleading of jurisdictional issue; and (3) when a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.  *Id*.  *See also Coker v. Amoco Oil Co.*,

709 F.2d 1433, 1440 (11th Cir. 1983), *superceded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993); *Tapscott v. MS Dealer Service Corp.*; 77 F.3d 1353, 1360 (11th Cir. 1996), *overruled as conflicting with prior panel decision on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).  If any of these situations are present, the nondiverse defendant has been fraudulently joined and its citizenship should be ignored for purposes of determining jurisdiction. *Id.*  In the present case, Defendants assert that only the first and third types of fraudulent joinder are applicable; accordingly, the court will offer no analysis as to the second situation under which a fraudulent joinder can occur.

"In evaluating a motion to remand, the removing party bears the burden of demonstrating federal jurisdiction." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998).  "The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by the parties."  *Id.* at 1380.  "While the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b) ... the jurisdictional inquiry must not subsume substantive determination." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (internal citations and marks omitted).  A district court

must resolve all questions of fact in favor of the plaintiff; however there must be some dispute of fact before the court can resolve that fact in the plaintiff's favor. *Legg v. Wyeth*, 428 F.3d 1317, 1323 (11th Cir. 2005).[4] When a defendant's affidavits are not disputed by the plaintiff, the court "cannot then resolve the facts in the [plaintiff's] favor based solely on the unsupported allegations in the Plaintiff's complaint." *Id.*

A federal court must be certain of its jurisdiction before "embarking upon a safari in search of a judgment on the merits." *Crowe*, 113 F.3d at 1538. A "district court's authority to look into the ultimate merits of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims." *Crowe*, 113 F.3d at 1542.

## I.   The Authority has asserted claims against Coosa Valley that could be determined by an Alabama state court to have merit

When examining the first situation that gives rise to fraudulent joinder, "If there is even a possibility that a state court would find that the complaint states a

---

[4]Defendants' representation to the court is that "the documents upon which this court must render a decision are not disputed and consist of the [PRA], Security Agreement and Promissory Note." [Def. Response to the Mot. to Remand, ¶ 1]. Furthermore, Defendants state that many of the disputed facts, such as the inconsistent statement in Dr. Baugh's affidavit, Plaintiff's mistaken assertion in its Complaint that Dr. Baugh and Coosa Valley executed a promissory note with Coosa Valley, and the Authority's mistaken representation that Coosa Valley signed a lease with the Authority, are "much ado about nothing." [Def. Response to the Mot. to Remand, ¶¶ 2-3]. Defendants acknowledge that these disputed issues can be put aside in order for the court to determine whether the Complaint "states a claim for relief against [Coosa Valley] in light of the undisputed documents." [Id. at ¶ 4].

cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." *Triggs*, 154 F.3d at 1287; *quoting Coker*, 709 F.2d at 1440-41.  "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have the *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287 (emphasis in original).

In this instant case, the Authority has asserted facts which state a cause of action against Coosa Valley for breach of contract under the PRA.  To establish a prima-facie case for breach of contract, the Authority must demonstrate: (1) the existence of a valid contract binding the parties in the action; (2) its own performance under the contract; (3) the defendants' nonperformance; and (4) damages.  *Claybrook v. Central United Life Ins. Co.*, 387 F.Supp.2d 1199, 1204 (M.D. Ala. 2005); *citing Winkleblack v. Murphy,* 811 So.2d 521, 529 (Ala.2001).

The parties agree that a contract exists, specifically the PRA, and that the Defendants have ceased performing under the PRA.  There is no argument or evidence currently before the court that suggests the Authority was not performing its obligations under the contract.  Finally, the Authority has plead damages against the Defendants collectively "in an amount to be proved at trial, but not less than $453,000." [Complaint, p. 7].  The evidence before the court at this time is that the

Authority could very likely be found, by an Alabama state court, to have stated valid breach of contract claims under Alabama law against Coosa Valley.

Under the limited scope of inquiry mandated by Eleventh Circuit, the court concludes that the Authority has not asserted any obviously fraudulent or frivolous claims against Coosa Valley and that the Authority has put forth claims against Coosa Valley which a state court could possibly find to have merit. As such, Coosa Valley was not fraudulently joined under the first situation articulated in *Triggs*.

## II. The claims against Baugh and Coosa Valley are sufficiently connected to survive scrutiny under *Triggs*

The third situation under which a finding of fraudulent joinder may be reached consists of two components: (1) there is no joint, severable, or alternative liability between the diverse and nondiverse defendants; and (2) the "claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs*, 154 F.3d at 1287. Because the second element of this situation is not satisfied, the court will not discuss whether joint, severable, or alternative liability exists between the defendants.

The claims for breach of contract against both Baugh and Coosa Valley are clearly connected. It is undisputed that both Defendants entered into the PRA and Security Agreement and that each obligated himself or itself to responsibilities under

both agreements. Because the claims against the Defendants are based on alleged breaches of contracts entered into by both Baugh and Coosa Valley, the claims against Baugh are unquestionably linked to those against Coosa Valley; therefore, fraudulent joinder cannot exist under the third situation presented in *Triggs*.

## Conclusion

The court finds that joinder of the nondiverse party, Coosa Valley, is not fraudulent. Complete diversity among the parties as required by 28 U.S.C.A. § 1332 does not exist. Consequently, this court lacks subject matter jurisdiction over this action, and this case is due to be remanded to the Circuit Court of Talladega County, Alabama. Accordingly, the Authority's Motion to Remand is due to be **GRANTED**.

Defendants have failed to show that removal of this case was proper pursuant to 28 U.S.C.A. § 1446. The Authority seeks an award of just costs and expenses, including attorney fees. By the court's discretion under 28 U.S.C.A.§ 1447(c), the Authority's Motion for Just Costs and Expenses is due to be **DENIED**.

A final order will be entered consistent with this Memorandum Opinion.

**DONE** this 18th day of April, 2006.

**VIRGINIA EMERSON HOPKINS**
United States District Judge